# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEPHEN LEE CHOATE,

    Petitioner,

vs.

NEVADA ATTORNEY GENERAL, *et al.*,

    Respondents.

Case No. 2:16-cv-00813-RFB-GWF

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. On April 18, 2016, the Court entered an order and judgment dismissing the action without prejudice. (ECF Nos. 7 & 8). Petitioner had failed to file a properly completed application to proceed *in forma pauperis* with all required attachments. (ECF No. 7). Pursuant to 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, petitioner must attach to his pauper application both an inmate account statement for the past six months and a properly executed financial certificate.

    On January 24, 2017, the Court held a hearing at which it vacated the order of dismissal and judgment. (ECF No. 38). The Court ordered the above-captioned case consolidated with Case No. 2:16-cv-01093-RFB-CWH. The instant case, being the first filed case, was designated as the lead case. (*Id.*). Petitioner challenges the same state court conviction in both cases. The Court directed

petitioner to submit the paperwork required for a complete *in forma pauperis* application in this case. (*Id.*). On February 16, 2017, petitioner filed a revised application to proceed *in forma pauperis*. (ECF No. 40). The application includes an inmate account statement and a properly executed financial certificate. Upon review of the application and good cause appearing, petitioner's application to proceed *in forma pauperis* is granted.

Petitioner has filed motions prior to and subsequent to the Court's January 24, 2017 hearing. Several months prior to the Court's hearing, petitioner filed a combined motion for the appointment of counsel and for an evidentiary hearing. (ECF No. 11 & 12). On May 12, 2016, petitioner filed a "motion for leave to explain petition." (ECF No. 14). Since the filing of petitioner's revised application to proceed *in forma pauperis*, petitioner has filed several more motions. Petitioner has filed three motions to compel documents (ECF Nos. 37, 47 & 48) and two motions for the production of documents (ECF Nos. 46 & 49). Additionally, on March 14, 2017, petitioner filed a motion for a certificate of appealability. (ECF No. 52). On March 21, 2017, petitioner filed an "emergency motion for judicial examination." (ECF No. 55).

The Court has reviewed all of petitioner's motions in this case. The problem is that there is no operative habeas corpus petition in this action or in 2:16-cv-01093-RFB-CWH. As indicated in this Court's order of March 20, 2017, in 2:16-cv-01093-RFB-CWH, it appears that petitioner sought to file an amended petition, but he failed to do so in the proper manner. The petition filed in the instant case was not submitted on the Court's approved form. (ECF No. 1-1). To the extent that petitioner sought to file an amended petition in other documents, he has not used the Court's form petition. The Local Rules of Court require petitioners appearing in *pro se* to file their habeas petitions on the Court's approved form. Local Rules of Special Proceedings 3-1 ("a petition for a writ of *habeas corpus*, filed by a person who is not represented by an attorney, shall be on the form provided by this court."). The Court's form habeas petition contains questions that require detailed answers that the Court needs before it can determine whether petitioner states a viable habeas corpus claim. This Court must conduct a preliminary review of the petition to determine whether the petition should be dismissed or whether the State will be directed to respond to the petition. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Additionally, any motion seeking the appointment of counsel requires that the Court review the petition, including details such as the nature of petitioner's conviction and the structure of petitioner's prison sentence. Moreover, any other type of motion sought by petitioner cannot be granted in the absence of an operative petition. As such, the motions mentioned above are denied without prejudice. Petitioner may file new motions, as appropriate, after he files an amended petition in this action.

The Court will direct the Clerk of Court to provide petitioner with the approved form for filing an a *pro se* petition for a writ of habeas corpus. In filing an amended petition, petitioner must comply with the instructions to the form petition, including rules regarding the attachment of additional pages. The Court notes that petitioner previously submitted a 113-page prolix document at ECF No. 4 in 2:16-cv-01093-RFB-CWH. Petitioner filed a similar 606-page document at ECF No. 6 in the instant case. The Court has no duty to hunt through voluminous pages of allegations to glean what claims petitioner actually wishes to raise. *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996). Further, petitioner shall not attach to his amended petition documents comprising the state court record. (*See* Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts) (respondents shall file relevant portions of state court record). The amended petition must concisely set forth those claims that petitioner believes might be a basis for granting relief from his criminal conviction or sentence. Finally, petitioner is reminded that his amended petition must be filed in the instant case, and should not be filed in 2:16-cv-01093-RFB-CWH.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF No. 40) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's motions, at ECF Nos. 11, 12, 14, 37, 46, 47, 48, 49, 52, and 55 are **DENIED WITHOUT PREJUDICE** to seeking such relief in future motions.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send petitioner one copy of the approved form for filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and one copy of instructions for the same.

**IT IS FURTHER ORDERED** that, within **forty-five (45) days** from the date of the entry of this order, petitioner **SHALL FILE** an amended habeas petition in this case, 2:16-cv-00813-

RFB-GWF.  Petitioner's failure to file an amended petition on the approved form provided by this Court may result in the dismissal of this action.

**IT IS FURTHER ORDERED** that petitioner shall file all future pleadings and motions in the instant case, 2:16-cv-00813-RFB-GWF.  Petitioner shall file no further pleadings or motions in 2:16-cv-01093-RFB-CWH.

DATED this 29th day of March, 2017.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE