UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEPHEN LEE CHOATE, | Case No. 2:16-cv-00813-RFB-GWF |
| Petitioner, | ORDER |
| v. | |
| NEVADA ATTORNEY GENERAL, et al., | |
| Respondents. | |

This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On March 17, 2016, petitioner submitted for filing an application to proceed *in forma pauperis* along with a six-page document entitled "Same Claim – Successive Petition, 28 U.S.C. § 2244(b)(2)(B)." (ECF No. 1-1). The documents were received by the Clerk's Office on April 6, 2016, and this action was thereby commenced. On April 16, 2016, the Court dismissed this action without prejudice due to petitioner's failure to submit complete financial information in support of his *in forma pauperis* application. (ECF No. 7). Judgment was entered. (ECF No. 8).

On May 6, 2016, petitioner submitted for filing a petition for relief pursuant to 28 U.S.C. § 2254. The document was received by the Clerk's Office on May 12, 2016, and

was opened as Case Number 2:16-cv-01093-RFB-CWH.[1] Along with the § 2254 petition, petitioner also filed a motion to file excess pages and a motion to amend the petition to include a 113-page attachment and "30 addendums."[2]

On January 24, 2017, the Court held a hearing at which it vacated the order of dismissal and judgment in this case. (ECF No. 38). The Court further ordered that Case Number 2:16-cv-01093-RFB-CWH be consolidated with this case and designated this case as the lead case. (ECF No. 38). The Court directed petitioner to submit the paperwork required for a complete *in forma pauperis* application, which petitioner did.

On March 20, 2017, the Court found the motion to amend in Case Number 2:16-cv-01093-RFB-CWH to be defective as the 113-page attachment petitioner sought to include was not on the court's form.[3] In addition, the Court advised petitioner that it would not hunt through the allegations in the 113-page attachment to glean what claims petitioner sought to raise. The Court therefore denied the motion to amend and instructed petitioner that if he wished to file an amended petition, he needed to submit a "concise" proposed amended petition on the court's form.

On March 29, 2017, the Court granted petitioner's application to proceed *in forma pauperis*. (ECF No. 56). However, the Court concluded, there was no operative petition pending in either this case or Case Number 2:16-cv-01093-RFB-CWH. Indicating that the voluminous attachments petitioner sought to include as part of his petition were improper, the Court explained that a petition must concisely state the claims petitioner believed might be a basis for granting him habeas relief. The Court directed the Clerk of Court to send petitioner a copy of the approved form and granted petitioner leave to file an amended petition, on the approved form, no later than May 15, 2017. The Court admonished petitioner that a failure to file an amended petition on the approved form might result in the dismissal of this action.

---

[1] ECF No. 1-1 in Case Number 2:16-cv-1093-RFB-CWH.
[2] ECF No. 4 in Case Number 2:16-cv-01093-RFB-CWH.
[3] *See* ECF No. 26 in Case Number 2:16-cv-01093-RFB-CWH.

Instead of filing an amended petition, petitioner has filed numerous motions, including a motion to reconsider the denial of his motion to amend (ECF No. 57), a motion for leave to file a lengthy § 2254 petition (ECF No. 60), a "Motion for Appellant Opening Brief" (ECF No. 61), motions for discovery and for evidentiary hearings (ECF Nos. 62, 63, 69 & 74), motions for extensions of time to appeal the Court's prior orders (ECF Nos. 58 & 59), emergency motions for the Court to rule (ECF Nos. 69, 70 & 77), a motion to stay and abey (ECF No. 73), and a petition for writ of mandamus (ECF No. 80). Petitioner also filed a petition for writ of mandamus with the Ninth Circuit Court of Appeals.

On October 11, 2017, the Ninth Circuit denied the petition for a writ of mandamus on the grounds that no operative petition was pending in this case. (ECF No. 78). The Court of Appeals noted that this Court had dismissed the petition with leave to file an amended petition on the court's form but that petitioner had not done so. (*Id.*)

The Court begins by addressing the motion to reconsider[4] and the motion for leave to file, both of which ask the Court to permit the filing of a petition that comprises: (1) the 25-page form petition file-stamped May 12, 2016, (ECF No. 1-1 in Case Number 2:16-cv-01093-RFB-CWH);[5] (2) a 115-page petition that fully sets forth his claims for relief (ECF No. 4 in Case Number 2:16-cv-01093-RFB-CWH); and (2) a 300-page "addendum of facts." (ECF Nos. 57 & 60).

The Court has twice explained to petitioner that his petition must be on the Court's form and must concisely state his claims for relief. The Court has also explicitly advised petitioner that it is under no duty to hunt through voluminous pleadings to ascertain what exactly petitioner's claims are. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996). Nevertheless, petitioner continues to seek permission file a petition comprising nearly 150 pages, along with 300 pages of exhibits. Nothing in this case justifies a nearly

---

[4] Petitioner moved for an extension of time to file his motion to reconsider. However, as the motion to reconsider was timely filed (*see* Fed. R. Civ. P. 60(c)), the motion for an extension of time will be denied as moot.

[5] The form petition filed on May 12, 2016, explicitly incorporates by reference the 115-page attachment petitioner seeks to include in his petition. Therefore, without the 115-page attachment, the form petition is incomplete.

3

150-page petition. Petitioner pled guilty to the conviction he challenges in this case, which by its nature limits the number and type of claims petitioner may assert. In addition, the Court has already held that the 115-page document is unnecessarily lengthy. Petitioner offers no reason to revisit that conclusion. Accordingly, petitioner's motion for reconsideration and motion for leave (ECF Nos. 57 & 60) will be denied.

Petitioner's "Motion for Appellant Opening Brief" appears to contain claims for relief under 28 U.S.C. § 2254. (ECF No. 61). However, this document is not on the court's form. Accordingly, to the extent the "opening brief" was intended to be an amended petition, it will be dismissed for failure to comply with Local Rule of Special Proceedings 3-1.

On January 30, 2018, petitioner filed a motion to stay this action pursuant to *Rudin v. Myles*, 781 F.3d 1043 (9th Cir. 2014) (ECF No. 81). While the Court would be inclined to grant the motion, there is no operative petition pending in this case. The Court cannot stay a case that has no operative petition. Accordingly, petitioner shall, within thirty days of the date of this order, file an amended protective petition that complies with this order and the prior orders of the Court. Once petitioner has filed a proper petition, the Court will consider his motion to stay.

In accordance with the foregoing, IT IS ORDERED that petitioner's motion for reconsideration (ECF No. 57) and motion for leave to file a lengthy petition (ECF No. 60) are both DENIED.

IT IS FURTHER ORDERED that petitioner's motion for an extension of time to file a motion to reconsider (ECF No. 58) is DENIED AS MOOT.

IT IS FURTHER ORDERED that, to the extent petitioner's "Motion for Appellant Opening Brief" (ECF No. 61) is intended to be an amended petition, it is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that petitioner shall file an amended protective petition within thirty days of the date of this order. Failure to do so will result in the dismissal of this action, without further notice.

4

IT IS FURTHER ORDERED that all other pending motions and requests (ECF Nos. 59, 61, 62, 63, 69, 70, 74, 77 & 80) are DENIED WITHOUT PREJUDICE.

DATED THIS 1st day of February 2018.

RICHARD F. BOULWARE
UNITED STATES DISTRICT JUDGE