UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHEN LEE CHOATE,<br><br>                  Petitioner,<br>v.<br><br>NEVADA ATTORNEY GENERAL, et al.,<br><br>                  Respondents. | Case No. 2:16-cv-00813-RFB-GWF<br><br>ORDER |

This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This action was originally opened with the filing of an application to proceed *in forma pauperis* along with a six-page document entitled "Same Claim – Successive Petition, 28 U.S.C. § 2244(b)(2)(B)." (ECF No. 1-1). The documents were received by the Clerk's Office on April 6, 2016. On April 16, 2016, the Court dismissed this action without prejudice due to petitioner's failure to submit complete financial information in support of his *in forma pauperis* application. (ECF No. 7). Judgment was entered. (ECF No. 8).

On May 6, 2016, petitioner submitted for filing a petition for relief pursuant to 28 U.S.C. § 2254. The document was received by the Clerk's Office on May 12, 2016, and

was opened as Case Number 2:16-cv-01093-RFB-CWH.[1] Along with the § 2254 petition, petitioner also filed a motion to file excess pages and a motion to amend the petition to include a 113-page attachment and "30 addendums."[2]

On January 24, 2017, the Court held a hearing at which it vacated the order of dismissal and judgment in this case. (ECF No. 38). The Court further ordered that Case Number 2:16-cv-01093-RFB-CWH be consolidated with this case and designated this case as the lead case. (ECF No. 38). The Court directed petitioner to submit the paperwork required for a complete *in forma pauperis* application, which petitioner did.

On March 20, 2017, the Court found the motion to amend in Case Number 2:16-cv-01093-RFB-CWH to be defective as the 113-page attachment petitioner sought to include was not on the court's form.[3] In addition, the Court advised petitioner that it would not hunt through the allegations in the 113-page attachment to glean what claims petitioner sought to raise. The Court therefore denied the motion to amend and instructed petitioner that if he wished to file an amended petition, he needed to submit a "concise" proposed amended petition on the court's form.

On March 29, 2017, the Court granted petitioner's application to proceed *in forma pauperis*. (ECF No. 56). However, the Court concluded, there was no operative petition pending in either this case or Case Number 2:16-cv-01093-RFB-CWH. Indicating that the voluminous attachments petitioner sought to include as part of his petition were improper, the Court explained that a petition must concisely state the claims petitioner believed might be a basis for granting him habeas relief. The Court directed the Clerk of Court to send petitioner a copy of the approved form and granted petitioner leave to file an amended petition, on the approved form, no later than May 15, 2017. The Court admonished petitioner that a failure to file an amended petition on the approved form could result in the dismissal of this action.

---

[1] ECF No. 1-1 in Case Number 2:16-cv-1093-RFB-CWH.
[2] ECF No. 4 in Case Number 2:16-cv-01093-RFB-CWH.
[3] *See* ECF No. 26 in Case Number 2:16-cv-01093-RFB-CWH.

Instead of filing an amended petition, petitioner filed numerous motions, including a motion to reconsider the denial of his motion to amend and a motion for leave to file a lengthy § 2254 petition. Petitioner also filed a motion to stay this case as a protective federal petition (ECF No. 81). On February 1, 2018, the Court entered an order denying the petitioner's various motions and directing petitioner to file a "protective" petition on the Court's form and in compliance with the Court's prior orders. (ECF No. 82). It stated that it would consider petitioner's motion to stay only after a proper petition had been filed. (*Id.*)

On February 16, 2018, petitioner mailed an amended protective petition. (ECF No. 83). While shorter on its face, the petition is complete only by referring to another document – apparently the 113-page document previously filed at ECF No. 4 in Case No. 2:16-cv-1093-RFB-CWH, which the Court previously rejected as prolix. (*See id.* at 3, 5 & 7 (citing to "115 typed addendum" for "fact pattern")). Petitioner's amended petition does not therefore comply with the Court's prior orders, as it is not a concise document on the Court's form. The Court will grant petitioner one more opportunity to amend his petition. Petitioner's second amended petition shall be complete in itself, without reference to other documents, and shall clearly and concisely set forth the claims he asserts and the facts that support them, without repetition and without unnecessary legal citations. Failure to do so will result in dismissal of this action without prejudice.

In accordance with the foregoing, IT IS HEREBY ORDERED that petitioner shall file a second amended petition in accordance with this and the prior orders of the Court within twenty days of the date of this order. Failure to do so will result in dismissal of this action without prejudice.

DATED THIS 13th day of June, 2018.

RICHARD F. BOULWARE
UNITED STATES DISTRICT JUDGE