# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHEN LEE CHOATE,<br>Petitioner,<br>v.<br>NEVADA ATTORNEY GENERAL, et al.,<br>Respondents. | Case No. 2:16-cv-00813-RFB-GWF<br>ORDER |

This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This action was originally opened with the filing of an application to proceed *in forma pauperis* along with a six-page document entitled "Same Claim – Successive Petition, 28 U.S.C. § 2244(b)(2)(B)." (ECF No. 1-1). The documents were received by the Clerk's Office on April 6, 2016. On April 16, 2016, the Court dismissed this action without prejudice due to petitioner's failure to submit complete financial information in support of his *in forma pauperis* application. (ECF No. 7). Judgment was entered. (ECF No. 8).

On May 6, 2016, petitioner submitted for filing a petition for relief pursuant to 28 U.S.C. § 2254. The document was received by the Clerk's Office on May 12, 2016, and was opened as Case Number 2:16-cv-01093-RFB-CWH.[1] Along with the § 2254 petition,

---

[1] ECF No. 1-1 in Case Number 2:16-cv-1093-RFB-CWH.

petitioner also filed a motion to file excess pages and a motion to amend the petition to include a 113-page attachment and "30 addendums."[2]

On January 24, 2017, the Court held a hearing at which it vacated the order of dismissal and judgment in this case. (ECF No. 38). The Court further ordered that Case Number 2:16-cv-01093-RFB-CWH be consolidated with this case and designated this case as the lead case. (ECF No. 38). The Court directed petitioner to submit the paperwork required for a complete *in forma pauperis* application, which petitioner did.

On March 20, 2017, the Court found the motion to amend in Case Number 2:16-cv-01093-RFB-CWH to be defective as the 113-page attachment petitioner sought to include was not on the court's form.[3] In addition, the Court advised petitioner that it would not hunt through the allegations in the 113-page attachment to glean what claims petitioner sought to raise. The Court therefore denied the motion to amend and instructed petitioner that if he wished to file an amended petition, he needed to submit a "concise" proposed amended petition on the court's form.

On March 29, 2017, the Court granted petitioner's application to proceed *in forma pauperis*. (ECF No. 56). However, the Court concluded, there was no operative petition pending in either this case or Case Number 2:16-cv-01093-RFB-CWH. Indicating that the voluminous attachments petitioner sought to include as part of his petition were improper, the Court explained that a petition must concisely state the claims petitioner believed might be a basis for granting him habeas relief. The Court directed the Clerk of Court to send petitioner a copy of the approved form and granted petitioner leave to file an amended petition, on the approved form, no later than May 15, 2017. The Court admonished petitioner that a failure to file an amended petition on the approved form could result in the dismissal of this action.

Instead of filing an amended petition, petitioner filed numerous motions, including a motion to reconsider the denial of his motion to amend and a motion for leave to file a

---

[2] ECF No. 4 in Case Number 2:16-cv-01093-RFB-CWH.
[3] *See* ECF No. 26 in Case Number 2:16-cv-01093-RFB-CWH.

2

lengthy § 2254 petition. Petitioner also filed a motion to stay this case as a protective federal petition (ECF No. 81). On February 1, 2018, the Court entered an order denying the petitioner's various motions and directing petitioner to file a "protective" petition on the Court's form and in compliance with the Court's prior orders. (ECF No. 82).

On February 16, 2018, petitioner mailed an amended protective petition. (ECF No. 83). While shorter on its face, the petition was complete only by referring to another document – apparently the 113-page document previously filed at ECF No. 4 in Case No. 2:16-cv-1093-RFB-CWH, which the Court previously rejected as prolix. (*See id.* at 3, 5 & 7 (citing to "115 typed addendum" for "fact pattern")). On June 13, 2018, the Court found that petitioner's amended petition did not comply with the Court's prior orders. The Court granted petitioner one more opportunity to amend his petition and advised petitioner that his second amended petition must be complete in itself, without reference to other documents, and must clearly and concisely set forth the claims he asserts and the facts that support them, without repetition and without unnecessary legal citations. It advised petitioner that failure to do so would result in dismissal of this action without prejudice.

On June 19, 2018, petitioner filed a second amended petition. It is virtually identical to the amended petition filed on February 16, 2018, except that it excludes reference to the "fact pattern" and specific pages of the addendum but still includes reference to the "115 typed addendum." This is contrary to the Court's explicit instruction that the petition must be complete in itself, without reference to other documents. Petitioner has, therefore, failed to comply with the Court's orders.

As petitioner has failed to comply with the Court's orders, the Court considers whether this action should be dismissed as a sanction. The Court must weigh five factors before imposing the harsh sanction of dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *ee Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000); *Malone v. U.S. Postal Service*, 833 F.2d 128,

1  130 (9th Cir. 1987). A warning that the action will be dismissed for failure to follow a court order is a less drastic alternative sufficient to satisfy the last factor. *See Malone*, 833 F.2d at 132-33 & n. 1. Dismissal is an appropriate sanction for failure to follow local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995) (per curiam).

The first and second factors both favor dismissal. The Court has granted petitioner multiple opportunities to file an amended petition in compliance with its orders but petitioner has failed to do so. Thus, the failure to file an amended petition that the Court can proceed to screen and have served on respondents has both delayed the expeditious resolution of this action and interfered with the Court's ability to manage its docket. The third factor also favors dismissal. There is no risk of prejudice to the respondents as they have not yet appeared. The fourth factor is neutral. While public policy is to decide cases on their merits, the entirety of the petition appears to be unexhausted. Although petitioner has filed motions to stay and abey, he does not even attempt to establish good cause for the failure to exhaust. Thus, even if the Court were to allow the petition to proceed, it is unlikely a stay would be granted and is instead likely the petition would be dismissed without prejudice as wholly unexhausted, and the statute of limitations for both state and federal habeas petitions has long since expired. Therefore, under the circumstances of this case, the policy in favor of deciding cases on their merits is not contravened by a dismissal of this action because it is unlikely this case would be decided on its merits at any rate. Finally, the fifth factor also favors dismissal. The Court advised petitioner that failure to file an amended petition that complied with its orders would result in the dismissal of this action. Accordingly, the factors the Court must consider favor dismissal of this action as a sanction for petitioner's failure to comply with the Court's order. This action will therefore be dismissed without prejudice.

In accordance with the foregoing, IT IS HEREBY ORDERED that this action is dismissed without prejudice.

1 | IT IS FURTHER ORDERED that petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

IT IS FURTHER ORDERED that the Clerk shall add Adam P. Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the Clerk shall electronically serve respondents with a copy of the latest petition in this action (ECF No. 93) and a copy of this order. No response by respondents is necessary.

The Clerk of the Court shall enter final judgment accordingly and close this case.

DATED this 26th day of June, 2018.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE