# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN LEE CHOATE, | Case No. 2:16-cv-00813-RFB-GWF |
| Petitioner, | |
| v. | **ORDER** |
| NEVADA ATTORNEY GENERAL, et al., | |
| Respondents. | |

This habeas matter is before the Court on *pro se* Petitioner Stephen Lee Choate's Motion to Reopen Habeas Corpus Petition (ECF No. 106), Motion for Evidentiary Hearing (ECF No. 107), Motion for Appointment of Standby Counsel (ECF No. 108), Motion for Certificate of Probable Cause (ECF No. 109), Motion for Production of Documents (ECF No. 110), Motion for Discovery (ECF No. 111).For the reasons discussed below, the Court grants his request to reopen this matter and sets a schedule to complete briefing but denies his remaining motions.

## **BACKGROUND**

Choate initiated this federal habeas action in April 2016. ECF No. 1. The Court granted permission to proceed application to proceed *in forma pauperis* but issued multiple orders denying premature and procedurally inappropriate motions and further directing Choate to file an amended petition that complied with the Local Rules of Practice. ECF Nos. 56, 82, 91. In June 2018, Choate filed a Second Amended Petition. ECF No. 93.  The Court determined that the Second Amended Petition was wholly unexhausted, but at least one of the claims was not plainly meritless.  ECF No. 98. Accordingly, consistent with Choate's previous request, this Court entered an order staying this action and holding the Second Amended Petition in abeyance to allow him to exhaust his state court remedies.[1]  Id.

---

[1] Following the Court's stay and abeyance order, Choate renewed a prior request for appointed counsel (ECF No. 100) and filed a petition for writ of mandamus (ECF No. 104). Both were denied. ECF Nos. 101, 105.

## DISCUSSION

### I. MOTION TO REOPEN CASE

Choate's motion indicates that he has now completed efforts to exhaust state court remedies. See Choate v. Williams, Case No. 80224.[2]  A review of the appellate docket records indicates that the Nevada Court of Appeals issued an order in June 2020, affirming the state district court's denial of his post-conviction petition for writ of habeas corpus as untimely and procedurally barred.  The Nevada Supreme Court issued a remittitur on July 21, 2020, thus finalizing his post-conviction appeal.  Accordingly, the Court will grant Choate's motion and set a schedule to finalize the briefing in this case.

### II. MOTION FOR APPOINTMENT OF STANDBY COUNSEL

Choate seeks the appointment of standby counsel to assist him in this habeas action. ECF No. 108. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding.  Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. Florida, 549 U.S. 327, 336–37 (2007)).  However, an indigent petitioner seeking relief under 28 U.S.C. § 2254 may request appointed counsel to pursue that relief.  18 U.S.C. § 3006A(a)(2)(B).  The decision to appoint counsel is generally discretionary.  Id. (authorizing appointed counsel "when the interests of justice so require").  However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980).  When a habeas petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, appointed counsel is not warranted.  LaMere, 827 F.2d at 626.

Choate's motion requests "special stand by counsel <co-counsel>" to assist him during an evidentiary hearing. ECF No. 108. He argues that his lack of comprehension, the complexity of the issues, and the need for investigation and discovery justify the appointment of counsel. Id.

---

[2] The Court takes judicial notice of the proceedings in Choate's post-conviction matters in the Nevada appellate courts.  The docket records of these courts may be accessed by the public online at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

Because an evidentiary hearing is not warranted at this stage of the case, appointment of counsel is not justified at this time. The Court therefore denies the motion for standby counsel (ECF No. 108) without prejudice.

### III.  REMAINING MOTIONS

Choate's remaining motions are premature and/or procedurally inappropriate.

Three pending motions seek discovery and an evidentiary hearing. ECF Nos. 107, 110, 111. The Court's review of a 28 U.S.C. § 2254 petition is generally limited to the record that was before the state courts. Cullen v. Pinholster, 563 U.S. 170, 181–82 (2011). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Because discovery is not automatic in habeas cases, a petitioner must also demonstrate entitlement to an evidentiary hearing. Earp v. Davis, 881 F.3d 1135, 1142 (9th Cir. 2018) (citing Williams v. Taylor, 529 U.S. 420, 430 (2000)). An evidentiary hearing is not warranted when "the record refutes [a petitioner's] factual allegations or otherwise precludes habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007). In this order, the Court directs Respondents to submit the state court record with their response to the Second Amended Petition. As such, Choate's motions for discovery (ECF No. 110, 111) and an evidentiary hearing (ECF No. 107) are premature and therefore denied without prejudice.

Lastly, Choate seeks a "certificate of probable cause" for a bail determination. ECF No. 109. There are no federal rules or statutes addressing this Court's authority to grant release pending a decision on the merits of a federal habeas petition. E.g., Fields v. Baker, 3:16-cv-00298-MMD-CLB, 2020 WL 1914814, at *1 (D. Nev. Apr. 20, 2020). The Ninth Circuit has specifically left open the question of "whether a district court has the authority to grant bail pending a decision on a 28 U.S.C. § 2254 habeas corpus petition," but also recognizes that certain modern authorities favor recognizing such a power. In re Roe ("Roe"), 257 F.3d 1077, 1079–80 (9th Cir. 2001). Assuming *arguendo* that a district court has such authority, a petitioner must demonstrate: (1) that this is an "extraordinary case[ ] involving special circumstances," and/or (2) "a high probability of success." Fields, 3:16-cv-00298-MMD-CLB, 2020 WL 1914814, at *1 (noting that case law does not clearly indicate whether the standard is conjunctive or disjunctive) (quoting Roe, 257 F.3d at

1080).[3]  Here, Choate's request fails because he fails to allege or show that this this is an extraordinary case involving special circumstances and/or a high probability of success. In particular, the Court cannot conclude that Choate has demonstrated "a high probability of success" on the merits of his petition when Respondents have not yet received an opportunity to respond or submit the state court record.

**IT IS THEREFORE ORDERED:**

1. Petitioner Stephen Lee Choate's Motion to Reopen Case (ECF No. 106) is GRANTED.

2. Choate's Motion for Evidentiary Hearing (ECF No. 107), Motion for Appointment of Standby Counsel (ECF No. 108), Motion for Certificate of Probable Cause (ECF No. 109), Motion for Production of Documents (ECF No. 110), Motion for Discovery (ECF No. 111) are DENIED without prejudice.

3. As the stay is lifted by this order, the Clerk of Court will reopen this action.

4. The Clerk of Court is instructed to update the information for Respondents counsel to Nevada Attorney General Aaron D. Ford and electronically serve the Nevada Attorney General with a copy of the Second Amended Petition (ECF No. 93) and this order.

5. Respondents will have **60 days** to answer or otherwise respond to the Second Amended Petition (ECF No. 93) in this case.

6. Choate will have **60 days** following service of the answer to file and serve a reply brief. However, if a dispositive motion is filed, the parties will brief the motion in accordance with Rules 7-2 and 7-3 of the Local Rules of Practice.

7. Respondents must raise all potential affirmative defenses in the initial responsive pleading, including untimeliness, lack of exhaustion, and procedural default. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver as successive motions to dismiss will not be entertained.

---

[3] See also Aronson v. May, 85 S. Ct. 3, 5 (1964) (explaining that in order to determine whether a habeas petitioner can be released on bail, "it is . . . necessary to inquire whether, *in addition to there being substantial questions presented by the appeal*, there is some circumstance making this application exceptional *and* deserving of special treatment in the interests of justice") (emphasis added); Land v. Deeds, 878 F.2d 318, 318 (9th Cir. 1989) ("Bail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances *or* a high probability of success.") (emphasis added).

8. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

9. Respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

10. All state court records and exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

11. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits *need not* be provided to chambers or to the staff attorney, unless later directed by the Court.

DATED this 2nd day of November, 2020.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE