# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN LEE CHOATE, | Case No. 2:16-cv-00813-RFB-GWF |
| Petitioner, | |
| v. | **ORDER** |
| NEVADA ATTORNEY GENERAL, et al., | |
| Respondents. | |

Before the Court are Petitioner Stephen Lee Choate's Petition for Expeditious Judicial Examination (ECF No. 115) and Respondents' Motion for Enlargement of Time (ECF No. 117), which Choate has opposed (ECF No. 118).

On November 2, 2020, the Court reopened this habeas matter following Choate's exhaustion of state remedies. (ECF No. 114.) The Court also set a briefing schedule to complete this case and denied Choate's premature and/or procedurally inappropriate motions.

First, the Court finds that Respondents' motion shows good cause. When a party moves to extend a deadline before the original time expires and the stated reasons show good cause, the court may grant the extension. Fed. R. Civ. P. 6(b); LR IA 6-1. " 'Good cause' is a non-rigorous standard," Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010), which primarily considers the diligence of the party seeking the extension. In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013). Choate opposes an extension, arguing that Respondents' motion was untimely and they cannot show good cause given the number of attorneys and paralegals in the Nevada Attorney General's office and their access to resources. The motion was filed before the original deadline expired. Choate correctly points out that 60 calendar days from the reopening order was January 2, 2021; however, that date fell on a Saturday. When a deadline falls on a day that the clerk's office is closed, Rule 6 of the Federal Rules of Civil Procedure states that "the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(3). Thus, Respondents' deadline was

automatically extended until Monday, January 4, 2021, and the motion was timely. Additionally, the Court finds that counsel's stated reasons for the extension demonstrate diligence. Thus, the Court will extend Respondents' deadline by 60 days, up to and including March 4, 2020, to respond to the petition.

Next, the Court addresses Choate's Petition for Expeditious Judicial Examination (ECF No. 115). His request argues that the Court has "essentially suspended the petitioner's Writ of Habeas Corpus, without rendering a decision in a reasonable time frame," and therefore moves the Court for "expeditious judicial examination."

Habeas actions are civil actions under federal practice and are subject to the reporting requirements of the Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq*. The CJRA sets a three-year goal to resolve each civil case on the merits. *Id.* § 476(a)(3). Lengthy habeas litigation is generally incompatible with the three purposes served by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. §§ 2244–2267: finality, efficiency, and comity. Federal courts strive to posture each case for decision within three years, although the procedural and legal complexity of some habeas actions require more time.

This Court is assigned to hundreds of active cases. Criminal cases have priority and, in the absence of a true emergency,[1] all motions and petitions filed in civil cases are processed in the order in which they are filed. This case is still at an early stage. It was reopened just over two months ago after Choate requested and received permission to return to state court to exhaust his state remedies. The Court cannot issue an order granting or denying the habeas petition until Respondents have the opportunity to respond to Choate's allegations. Respondents have yet to answer Choate's habeas petition, and he has the right to file a reply brief once they do. Respondents may also seek other relief, such as filing a dispositive motion. If they do so, Choate will have an opportunity to respond. These are standard procedures in habeas cases and do not amount to a suspension of the writ. Once the briefing is complete, the Court will review the record

---

[1] LR 7-4 of the Local Rules of Civil Practice discusses the requirements for submitting emergency motions and states that such motions "should be rare." See also Cardoza v. Bloomin' Brands, Inc., 141 F. Supp. 1137, 1144–45 (D. Nev. 2015).

and determine whether habeas relief is warranted.  For these reasons, the petition for expeditious judicial examination is denied.

**IT IS THEREFORE ORDERED:**

1. Petitioner Stephen Lee Choate's Petition for Expeditious Judicial Examination (ECF No. 115) is DENIED.

2. Respondents' Motion for Enlargement of Time (ECF No. 117) is GRANTED. Respondents have until March 4, 2021, to answer or otherwise respond to the petition for writ of habeas corpus in this case.

DATED this 22nd day of January, 2021.



RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

3