UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN LEE CHOATE,<br><br>　　　　　　　Petitioner,<br>　v.<br>NEVADA ATTORNEY GENERAL, et al.,<br><br>　　　　　　　Respondents. | Case No. 2:16-cv-00813-RFB-GWF<br><br>**ORDER** |

　　　　This habeas matter is before the Court on Respondents' Motion to Dismiss (ECF No. 143). Also before the Court is Petitioner Stephen Lee Choate's Motion of Opposition to Dismissal[1] (ECF No. 146), Motion for Evidentiary Hearing (ECF No. 153), Petition for Expeditious Judicial Examination (ECF No. 156), and Motion for Release of Prisoner (ECF No. 158). For the reasons discussed below, Respondents' motion is granted and Petitioner's motions are denied.

**I.　　BACKGROUND**

　　　　Choate challenges a 2015 conviction and sentence imposed by the Fifth Judicial District Court for Nye County ("state court") in this habeas action. <u>State of Nevada v. Stephen Lee Choate</u>, Case No. CR8004. Choate pled guilty to the crime of pattern of mortgage lending fraud. (Ex. 16; ECF No. 123-16.) The state district court entered a judgment of conviction on April 22, 2015, and sentenced Choate to 96 to 240 months. (Ex. 21; ECF No. 123-21.)

　　　　Choate did not file a direct appeal to his conviction. Although Choate filed various documents in state court, he did not file a state habeas petition. (Exs. 25-42, ECF Nos. 123-25 – 124-17.) On April 6, 2016, Choate initiated this federal habeas proceeding. (ECF No. 1-1.) On April 16, 2016, the Court denied Petitioner's IFP Application and dismissed the case without prejudice to Petitioner filing a new petition in a new action with properly completed IFP Application. (ECF No. 7.) On January 24, 2017, the Court the Court vacated the order of dismissal

---

[1] Choate's Motion of Opposition to Dismissal will operate as Choate's opposition to Respondents' Motion to Dismiss.

and judgment. (ECF No. 38.) The Court consolidated the instant matter with Case No. 2:16-cv-1093-RFB-CWH.

On February 16, 2017, Petitioner filed a revised IFP Application with inmate account statement. (ECF No. 40.) The Court granted the revised IFP Application. On March 29, 2017, the Court held that there was no operative petition in this action or Case No. 2:16-cv-1093-RFB-CWH. The Court instructed Petitioner to file a habeas petition on the proper 28 U.S.C. § 2254 form no later than May 15, 2017 and noted that the amended petition must concisely set forth his claims. (ECF No. 56.) Petitioner filed a petition for writ of mandamus. (ECF No. 72.) On October 11, 2017, the Ninth Circuit denied the petition for writ of mandamus. (ECF No. 78.)

On February 1, 2018, the Court denied Petitioner's motion for reconsideration. (ECF No. 82.) The Court again instructed Petitioner to file an amended protective petition within 30 days that complies with the Court's orders. On February 22, 2018, Petitioner mailed an amended protective petition. (ECF No. 83.) On June 13, 2018, the Court found that the petition is complete only by referring to another 113-page document previously filed in Case No. 2:16-cv-1093-RFB-CWH. The Court granted petitioner one last chance to amend his petition within 20 days. (ECF No. 91.) The Court dismissed the action for Petitioner's failure to comply with the Court's orders. (ECF No. 95).

On June 27, 2018, the Court received a second amended petition. (ECF No. 97.) The Court vacated its order and judgment dismissing the action and instructed that the action would proceed on the second amended petition. (ECF No. 98.) The Court further found that the petition was wholly unexhausted and the Court stayed and action and held petitioner's claims in abeyance while he returned to state court to exhaust his claims. (Id.) On November 2, 2020, the Court granted Petitioner's motion to reopen. (ECF No. 114.)

Respondents move to dismiss Choate's amended operative petition as untimely. (ECF No. 143 at 3.) Respondents further argue that even if Choate's amended petition were not untimely, his claims are procedurally defaulted. (Id. at 5.) Choate filed a state habeas petition on January 25, 2019, and the Nevada Court of Appeals affirmed dismissal as untimely and procedurally barred. (Ex. 60, ECF No. 126-1; Ex. 123, ECF No. 131-13.)

## II. DISCUSSION

### a. Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. Id. § 2244(d)(1)(A). The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). However, an untimely state petition is not "properly filed" and thus does not toll the federal statute of limitations. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). No statutory tolling is permitted for the time that a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

Here, Choate did not file a direct appeal. Thus, his conviction became final when the time expired for filing a notice of appeal with the Nevada appellate courts on May 22, 2015. The AEDPA statute of limitations thus began to run the following day and expired 365 days later, on May 22, 2016.[2] Choate did not file a direct appeal or state habeas petition to warrant tolling of the AEDPA statute of limitations. Accordingly, absent another basis for tolling or delayed accrual, Petitioner filed his operative petition nearly two years after the limitations period expired.

To the extent Choate argues that his various filings in state court warrant tolling of the AEDPA statute of limitations, his argument fails. The Nevada Court of Appeals affirmed that the multiple motions filed in state court within a year of entry of the judgment of conviction were not the functional equivalent of a motion to withdraw guilty plea or postconviction state habeas petition. (Ex. 123; ECF No. 131-13 at 2-3.) Additionally, Choate's argument that his initial filing in April 2016 may serve as a timely federal habeas petition similarly fails. The Court denied Petitioner's IFP Application and dismissed the case without prejudice to Petitioner filing a new

---

[2] Because the 365th day fell on the weekend, Petitioner had until the following Monday, May 23, 2016, to file his federal petition.

petition in a new action with properly completed IFP Application. (ECF No. 7.) In habeas proceedings, when a petitioner alleges a new claim in an amended petition filed after the expiration of the AEDPA deadline, the new claim will be considered timely only if it relates back to a claim in a timely-filed petition. Mayle v. Felix, 545 U.S. 644 (2005). Choate nonetheless fails to demonstrate that his claims alleged in his amended petition relate back to his initial filing.

### b. Procedural Default

Federal courts are barred from considering a state prisoner's habeas claim if the state courts denied his claim based on an independent and adequate state procedural rule. Edwards v. Carpenter, 529 U.S. 446, 454-55 (2000). Nevada's one-year statute of limitation[3] for post-conviction petitions and prohibition on second or successive post-conviction petitions are independent and adequate state procedural rules as applied in non-capital cases. See, e.g., Williams v. Filson, 908 F.3d 546, 580 (9th Cir. 2018); Bargas v. Burns, 179 F.3d 1207, 1211–14 (9th Cir. 1999). Additionally, a federal court may consider a claim procedurally defaulted where "it is clear that the state court would hold the claim procedurally barred." Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002). When a petitioner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (the miscarriage of justice exception ensures "that federal constitutional errors do not result in the incarceration of innocent persons").

To demonstrate cause, the petitioner must show that some external and objective factor impeded his efforts to comply with the procedural rule. Maples v. Thomas, 565 U.S. 266, 280–81 (2012). Ignorance or inadvertence does not establish cause. Murray v. Carrier, 477 U.S. 478, 486–87 (1986). To show prejudice, a petitioner must prove not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. Carrier, 477 U.S. at 494; Bradford v.

---

[3] NRS 34.726; NRS 34.810(2).

Davis, 923 F.3d 599, 613 (9th Cir. 2019). To demonstrate a fundamental miscarriage of justice, a petitioner must show that the constitutional error complained of probably resulted in the conviction of an innocent person. Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998). This is a narrow exception, and it is reserved for extraordinary cases only. Sawyer v. Whitley, 505 U.S. 333, 340 (1992).

Choate's claims were presented in the state court for the first time in his state postconviction habeas petition filed on January 25, 2019. (Ex. 60, ECF No. 126-1.) The claims were then dismissed and affirmed as untimely and procedurally barred. (Ex. 123, ECF No. 131-13.) Thus, Choate's claims were procedurally defaulted in Nevada's courts on independent and adequate state law grounds. Choate fails to demonstrate good cause and prejudice to excuse the default; nor does he demonstrate "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

### III. PETITIONER'S MOTIONS

#### a. Motion for Evidentiary Hearing

Choate requests an evidentiary hearing to prove good cause, "to support manifest injustice," and establish why he failed to file a direct appeal. (ECF No. 153 at 2.) Because discovery is not automatic in habeas proceedings, a petitioner must also demonstrate entitlement to an evidentiary hearing. Earp v. Davis, 881 F.3d at 1142 (citing Williams v. Taylor, 529 U.S. 420, 430 (2000)). An evidentiary hearing is not required if the issues can be resolved by reference to the state court record. See Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998) ("It is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise."); see also Schriro v. Landrigan, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

An evidentiary hearing on any of Choate's claims is unnecessary because he has not shown what the hearing might reveal of material import on his claims. Perez v. Rosario, 459 F.3d 943, 954 n.5 (9th Cir. 2006); Griffin v. Johnson, 350 F.3d 956, 966 (9th Cir. 2003). Further, even where an evidentiary hearing might be appropriate, it is not warranted where, as here, "the record refutes

[Petitioner's] factual allegations or otherwise precludes habeas relief[.]" Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Accordingly, Choate is not entitled to an evidentiary hearing and his motion is denied.

### b.  Petition for Expeditious Judicial Examination and Motion for Release

Choate requests expedited review of his federal petition. (ECF No. 156.) He asserts that the Court granted his motion to reopen on November 2, 2020 and that there has been a delay in resolving his case. Choate's motion lacks merit and is denied as moot.

Choate requests release from custody pending final review of his petition. (ECF No. 158.) He asserts that his "common-law wife" suffers from medical conditions and has limited financial support, that he has never been in jail or prison and does not have a history of drug abuse or violence, and that he is 69 years old with a history of tumors and cancer. (*Id*. at 2-3.)

There are no federal rules or statutes addressing this Court's authority to grant release pending a decision on the merits of a federal habeas petition. See, e.g., Fields v. Baker, 3:16-cv-0298-MMD-CLB, 2020 WL 1914814, at *1 (D. Nev. Apr. 20, 2020). The Ninth Circuit has specifically left open the question of "whether a district court has the authority to grant bail pending a decision on a 28 U.S.C. § 2254 habeas corpus petition," but also recognized that certain modern authorities favor recognizing such a power. In re Roe ("Roe"), 257 F.3d 1077, 1079–80 (9th Cir. 2001). The Roe court assumed for the sake of discussion that "a district court has the authority to release a state prisoner on bail pending resolution of habeas proceedings in extraordinary cases," and to qualify for such relief, a petitioner must demonstrate that his "is an 'extraordinary case[ ] involving special circumstances or a high probability of success'." Roe, 257 F.3d at 1080 (quoting Land v. Deeds, 878 F.2d 318, 318 (9th Cir. 1989)).[4]

Here, Choate fails to meet either condition. He cannot show special circumstances or a

---

[4] But see Aronson v. May, 85 S. Ct. 3, 5 (1964) (explaining that in order to determine whether a habeas petitioner can be released on bail, "it is . . . necessary to inquire whether, *in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice*") (emphasis added); Benson v. State of Cal., 328 F.2d 159, 162 (9th Cir. 1964) ("It would not be appropriate for us at this stage of the proceeding to enlarge this petitioner on bail even if we found that the allegations of his petition for habeas corpus made out a clear case for his release. *Something more than that is required before we would be justified in granting bail*.") (emphasis added).

high probability of success as the Court has determined that his petition is untimely and procedurally defaulted. Accordingly, Choate's motion is denied.

**IT IS THEREFORE ORDERED:**

1. Respondents' Motion to Dismiss (ECF No. 143) is GRANTED. Choate's operative amended Petition (ECF No. 97) is dismissed with prejudice as untimely and procedurally defaulted.

2. Petitioner Stephen Lee Choate's Motion of Opposition to Dismissal (ECF No. 146), Motion for Evidentiary Hearing (ECF No. 153), Petition for Expeditious Judicial Examination (ECF No. 156), and Motion for Release of Prisoner (ECF No. 158) are DENIED.

3. A certificate of appealability is denied, as reasonable jurists would not find the district court's dismissal to be debatable or wrong, for the reasons discussed herein.

4. The Clerk of Court is instructed to enter final judgment accordingly, dismissing this action with prejudice and close this case.

DATED this 7th day of March 2022.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE