UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN LEE CHOATE,<br><br>　　　　　Petitioner,<br><br>v.<br><br>NEVADA ATTORNEY GENERAL, et al.,<br><br>　　　　　Respondents. | Case No. 2:16-cv-00813-RFB-GWF<br><br>**ORDER** |

　　　This closed habeas matter is before the Court on Petitioner Stephen Lee Choate's Motion to Reconsider (ECF No. 196) and Motions to Extend (ECF Nos. 200, 201). Also before the Court is Respondents' Motion to Relieve Respondents from Responding to Future *Pro Se* Pleadings (ECF No. 198).

**I.　Background**

　　　Petitioner filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 97), which the Court dismissed as untimely and procedurally defaulted, followed by entry of judgment. ECF Nos. 171, 172. Choate filed a notice of appeal, which the Ninth Circuit rejected as untimely and denied his motion for reconsideration. ECF Nos. 185, 194. In January 2023, the Court denied Petitioner's filing titled "Petition for Writ of Mandamus" and Motion to Rule on Probation and Judicial Exam. ECF No. 195.

**II.　Petitioner's Motions**

　　　Under Rule 59(e) of the Federal Rules of Civil Procedure, a motion to alter or amend judgment for any reason may be filed no later than 28 days after entry of judgment. A motion seeking reconsideration should not be granted, "absent highly unusual circumstances," unless the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. <u>Marlyn Nutraceuticals, Inc. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009).

　　　Rule 59(e) motions "may not be used to 'raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" <u>Rishor v. Ferguson</u>, 822 F.3d 482, 492 (9th Cir. 2016). "A party seeking reconsideration … must state with

particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal of factual circumstances that may entitle the movant to relief also must be stated with particularity." LR 59-1.

Because Petitioner does not raise new claims in his motion to reconsider, the Court does not construe Petitioner's motion as a second or successive petition. See Rishor, 822 F.3d at 492. Nothing in Petitioner's Rule 59(e) motion convinces the Court that it clearly erred in dismissing this action as untimely and procedurally defaulted. The motion does not cite, let alone attempt to comply with, the applicable legal standard. Petitioner appears to assert an alleged lack of notice that his petition was dismissed. Petitioner does not state a meritorious reason to reconsider prior rulings and alter the judgment in this case. The motion to reconsider is therefore denied. Accordingly, the Court denies Petitioner's remaining pending motions to extend.

**III.     Respondents' Motion**

Respondents request that the Court relieve them from responding to Petitioner's future *pro se* pleadings absent an order directing them to respond. The Court grants Respondents' motion.

**IV.     Conclusion**

It is therefore ordered that Petitioner Stephen Lee Choate's Motion to Reconsider (ECF No. 196) is denied.

It is further ordered that Petitioner's Motions to Extend (ECF Nos. 200, 201) are denied as moot.

It is further ordered that Respondents' Motion to Relieve Respondents from Responding to Future *Pro Se* Pleadings (ECF No. 198) is granted.

It is further ordered that, to the extent required, a certificate of appealability is denied, as jurists of reason would not find the district court's disposition of petitioner's filing to be debatable or incorrect.

DATED this 13th day of September 2023.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE